UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 2:94-cr-108-SPC-NPM

WILLIE JAMES COLBERT, JR.

### ORDER[1]

Before the Court is Defendant Willie James Colbert, Jr.'s pro se letter that the Court has liberally construed as a request for a sentence reduction under the First Step Act of 2018. (Doc. 385). In response to the letter (and in an abundance of caution), the Court appointed a federal public defender to review the record and file any motion on Defendant's behalf. (Doc. 386). It also directed the United States Probation Office to file a confidential memorandum on the matter. (Doc. 386). So the Court also considers the federal public defender's notice (Doc. 390) and the Probation Office's memorandum (Doc. 389), both of which advise Defendant to be ineligible for a sentence reduction under one section or another of the Act.

In 1994, Defendant and others went on a robbing spree to fund their drug addictions and travels. Their efforts escalated when they targeted a young

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

mother in the parking lot of a local mall. They kidnapped her and stole her van. While driving to Georgia, they beat, burned, bound, and threatened her. Her terror worsened when multiple attempts were made to kill her. The young mother somehow survived. And Defendant and the others were caught.

A jury later convicted Defendant of conspiring to commit carjacking, carjacking, conspiracy to commit kidnapping, kidnapping, and using a firearm in connection with a violent crime. The judge then imposed a life sentence on Defendant. In doing so, the judge departed upward for Defendant's extreme conduct and the psychological injury inflicted on his victim. Defendant has spent the last twenty-five years in prison.

As best the Court can tell, Defendant now seeks a sentence reduction under the First Step Act. He mentions no specific provision supporting a reduction. All he says is he is entitled to "relief within the Mandatory Minimum first step act" because he "received enhancement from [his] criminal history category." (Doc. 385 at 1).

The First Step Act generally offers four reforms to criminal justice outcomes. First, it reduces certain enhanced mandatory minimum penalties for some drug offenders (Section 401). Second, it broadens the safety valve at 18 U.S.C. § 3553(f), increasing the number of offenders eligible for relief from mandatory minimum penalties (Section 402). Third, it reduces the severity of the "stacking" of multiple 18 U.S.C. § 924(c) firearm offenses. Fourth, it applies

retroactively the Fair Sentencing Act of 2010 that reduced mandatory minimum penalties for crack cocaine offenses (Section 404).

After reviewing the papers, record, and applicable law, Defendant is not eligible for relief under any section. And here's why. Defendant was convicted of no drug related offenses, so Sections 401, 402, and 404 do not apply. Left is Section 403. Although it involves a firearm offense like the one Defendant was convicted of, Section 403 applies only to defendant not yet sentenced when the First Step Act was enacted in 2018. *See Willingham v. United States*, 805 F. App'x 815, 817 (11th Cir. 2020). Defendant was sentenced in 1994: over 20 years before Congress enacted the Act. By its plain language, Defendant is ineligible for a sentence reduction under Section 403.

In conclusion, the Court lacks any authority under the First Step Act to reduce Defendant's sentence. So it denies without prejudice his motion.

Accordingly, it is now

**ORDERED:**

1. Defendant Willie James Colbert, Jr.'s construed motion for a sentence reduction under the First Step Act of 2018 (Doc. 385) is **DENIED**.
2. The Federal Public Defender is relieved of any further obligations.

**DONE AND ORDERED** in Fort Myers, Florida on October 19, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record